IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| M & M COMMUNICATIONS, INC., a Nebraska corporation, | ) ) ) | |
| Plaintiff, | ) ) | 8:04CV474 |
| v. | ) ) | |
| TELEPHONE MANAGEMENT CORPORATION, an Oregon corporation, | ) ) ) ) | MEMORANDUM AND ORDER |
| Defendant. | ) ) | |

This matter is before the Court on the motion for protective order and motion to compel filed by the plaintiff M & M Communications, Inc. ("M&M")(Filing No. 33). Defendant Telephone Management Corporation ("TMC") replied to M&M's motion on April 26, 2005 (Filing No. 36).

M&M seeks a court order to compel TMC to answer and respond to discovery, setting dates for M&M to take the deposition of TMC's corporate designee and preventing TMC from taking the deposition of M&M's corporate designee until TMC has complied with M&M's discovery requests. Conversely, TMC asserts that it is ready and willing to comply with discovery requests once an agreement has been reached regarding a reasonable confidentiality agreement pursuant to Rule 26(c). Fed. R. Civ. P. 26(c). TMC also offers to respond to M&M's request for production of documents by allowing M&M access to TMC's files at TMC's offices where the documents are maintained in the regular

course of business.  Finally, TMC also seeks a court order setting dates for the deposition of each corporate party's designee.

**Protective Order/Confidentiality Agreement**

Under the liberal discovery principles of the federal rules, the party seeking to restrict discovery bears a heavy burden to show why discovery should be restricted. *Tele-Radio Systems Ltd. v. De Forest Electronics, Inc.*, 92 F.R.D. 371 (D.C.N.J. 1981).  Under Federal Rule of Civil Procedure 26(b)(1), "parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action."  Fed. R. Civ. P. 26(b)(1).  "The information sought need not be admissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence."  *Id*.

Conversely, Rule 26(c) allows a court "to make any order which justice requires to protect a party from annoyance, embarrassment, oppression or undue burden or expense including . . . (7) that a trade secret or other confidential research, development, or commercial information not be revealed or revealed only in a designated way . . ."  Fed. R. Civ. P. 26(b)(7).  In accordance with Rule 26, TMC has asked M&M to agree to a reasonable, mutually binding confidentiality agreement. Under the terms of the agreement TMC proposed, no documents would

-2-

be denied to M&M.  The only restriction would be on the scope of who could have access to information and how the information could be used.  Specifically, TMC proposed that designated confidential documents could only be shown to parties to the litigation, their counsel and expert witnesses retained for this litigation.  The agreement also restricted use of documents and information gathered solely "for the use and purpose of this litigation."  The proposed agreement provided each party the right to petition the Court for permission to allow other individuals to review confidential documents, if necessary.

In the present litigation, M&M seeks extensive financial records including all tax returns since 1999 and "all documents relating or referring to payments or income received from any source from 1999 [to the present]."  Rule 26(c)(7)allows a court to issue a protective order to protect confidential commercial information.  *Dubai Islamic Bank v. Citibank, N.A.*, 211 F. Supp.2d 447, 449 (S.D.N.Y. 2001).  Similarly, while as a general rule, income tax returns are subject to discovery in civil suits, their disclosure must be consistent with the public policy against unnecessary disclosure.  *Shaver v. Yacht Outboard Bound*, 71 F.R.D. 561, (D.C. Ill. 1976).  Here, TMC has offered to give M&M access to its records and files at its offices conditioned solely on a reasonable mutual confidentiality agreement.

The Court finds that a mutual confidentiality agreement, as proposed by TMC, is a reasonable condition to M&M's extensive discovery requests.

**Site for Production of Documents**

Due to the extensive nature of M&M's discovery requests, TMC seeks a Court order allowing it to comply by giving M&M access to TMC's records and files as maintained during the regular course of business at TMC's offices in Portland, Oregon. "When the volume of material sought would make copying and transporting burdensome and oppressive to the producing party, or where the distance between the parties is great, the court may decline to order production and instead order that the requesting party inspect the documents at the convenience of the party in possession of the documents." *Gluck v. Ansett Australia Ltd.*, 204 F.R.D. 217, 221 (D.C. D.C 2001)(*quoting Caruso v. Coleman Co.*, 157 F.R.D. 344, 349 (E.D. Pa. 1994). M&M is seeking every tax return, every invoice to and every invoice from all of TMC's customers. In addition, M&M seeks all records detailing all commissions paid to all agents, subagents and employees along with the dates of the payments. In the face of these voluminous discovery requests, TMC's offer to completely open its books and bank records for M&M's inspection at TMC's offices in Portland, Oregon, subject to a protective order, is reasonable and the Court will issue an order to this effect. Accordingly,

IT IS ORDERED:

1) Parties are directed to promptly negotiate a mutually acceptable confidentiality agreement.

2) Upon negotiation of a mutually acceptable confidentiality agreement, TMC is ordered to respond to M&M's written discovery requests within thirty (30) days.

3) Upon negotiation of a mutually acceptable confidentiality agreement, TMC is ordered to respond to M&M's request for production of documents by making all documents and records available for inspection by M&M at TMC's Portland, Oregon, offices.

4) M&M and TMC are both ordered to make their respective corporate designees available for deposition prior to August 15, 2005.

5) TMC may not schedule the deposition of M&M's corporate designee until TMC has complied with M&M's discovery requests by providing answers to written discovery and M&M has completed its inspection of TMC's records at TMC's Portland offices.

DATED this 2nd day of May, 2005.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court